**In the Matter of Boma O. ALLISON.**

No. 08–0705.

Supreme Court of Texas.

Argued March 11, 2009.

Decided June 26, 2009.

Wayne H. Paris, Gillis, Paris & Heinrich, P.L.L.C., Houston TX, for Appellant.

Cynthia W. Hamilton, Assistant Disciplinary Counsel, Linda A. Acevedo, Asst. Disciplinary Counsel, Austin TX, for Appellee.

Chief Justice JEFFERSON delivered the opinion of the Court.

Boma Allison, an attorney licensed by the State Bar of Texas, challenges a judgment issued by a State Bar grievance committee's evidentiary panel, in which the panel suspended Allison for violating provisions of the Texas Disciplinary Rules of Professional Conduct. Allison alleges that the evidentiary panel, composed of three attorney members and one public member, lacked a quorum. She asks that the judgment be vacated and the case either dismissed or remanded for a new hearing before a statewide evidentiary panel. Because we hold that the panel constituted a proper quorum under the Texas Rules of Disciplinary Procedure, we affirm the Board of Disciplinary Appeals' judgment.

## I

### Background

In 2005, the State Bar's Chief Disciplinary Counsel notified Allison that a grievance filed against her by one of her clients had been classified as a complaint, necessitating a hearing to determine whether Allison violated the rules of disciplinary procedure. After six unsuccessful attempts [1] at scheduling the hearing, the evidentiary panel convened for Allison's disciplinary matter in 2007. The panel ultimately found that Allison violated the rules as alleged and issued a judgment of partially probated suspension.

Allison then moved for a stay of suspension and for a new hearing, alleging the absence of a quorum. [2] Allison argued that the panel's composition—three attorney members and one public member—violated Rule 2.07 of the Rules of Disciplinary Procedure. TEX.R. DISCIPLINARY P. 2.07, *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G app. A–1. The panel denied her motion, and Allison appealed that decision to the Board of Disciplinary Appeals. By a 6–4 vote, the Board, sitting en banc, affirmed the evidentiary panel's judgment, holding that the three-attorney-to-one-public-member ratio satisfied Rule 2.07. Bd. of Disciplinary Appeals Case No. 41135 (June 20, 2008). Allison appealed that decision, and we set the case for oral argument. 52 Tex. Sup.Ct. J. 333 (Feb. 13, 2009).

---

1. Although the record does not indicate the reason for all of the delays, at least two of the hearings had to be rescheduled because of the panel's inability to convene a quorum: "The December [2006] continuance is the second based on the lack of a quorum, specifically the absence of public members."

2. Allison also argued that the case had previously been settled and was therefore barred under res judicata, but she did not appeal that issue to our Court.

## II

### Discussion

The Texas Rules of Disciplinary Procedure govern "the procedures to be used in the professional disciplinary and disability system for attorneys in the State of Texas." TEX.R. DISCIPLINARY P. 1.02. The Commission for Lawyer Discipline, the permanent committee of the State Bar of Texas responsible for handling attorney discipline, is represented by the Chief Disciplinary Counsel.[3] TEX. GOV'T CODE § 81.075(a). Proceedings under the Rules of Disciplinary Procedure commence with the filing of a grievance against an attorney. TEX.R. DISCIPLINARY P. 1.06(L). Within thirty days, the Chief Disciplinary Counsel must examine the grievance and "determine whether it constitutes an Inquiry or a Complaint." *Id.* at 2.10. If the grievance is an "Inquiry," it is dismissed, and the client may appeal that classification to the Board of Disciplinary Appeals. *Id.* If the grievance is a "Complaint," the Counsel determines if there is just cause to proceed. *Id.* at 2.12. Upon a finding of just cause, the attorney may elect to have the complaint heard either in a district court or by an evidentiary panel of the grievance committee within the attorney's district. *Id.* at 2.15. If the attorney does not make a timely election, the hearing is assigned to an evidentiary panel by default. *Id.* In this case, by default, the evidentiary panel presided over Allison's case.

Evidentiary panel proceedings are similar to administrative adjudications; the Chief Disciplinary Counsel has the burden to prove the attorney's misconduct by a preponderance of the evidence. *Id.* at 2.17(M). If the panel determines the at-

torney violated one of the rules of professional conduct, it issues findings of fact and conclusions of law and determines the sanctions to be imposed, *id.* at 2.17(P), which include disbarment, suspension, probation of suspension, public or private reprimand, among others. *Id.* at 1.06(Y). The evidentiary panel's judgment may be appealed to the Board of Disciplinary Appeals, and the Board of Disciplinary Appeals' judgment is appealable to this Court. *Id.* at 2.24, 2.28.

In 2001, the Legislature passed a number of changes to the attorney grievance procedure. Among them was the addition of subsection (j) to section 81.072 of the Texas Government Code, which provides that "[a] quorum of a panel of a district grievance committee of the state bar must include one public member for each two attorney members." TEX. GOV'T CODE § 81.072(j). This ensured that non-lawyer members of the general public would be represented in attorney grievance proceedings. Under Rule 2.02, grievance committees, from which the evidentiary panels are drawn, are required to "consist of no fewer than nine members, two-thirds of whom must be attorneys licensed to practice law in the State of Texas and in good standing, and one-third of whom must be public members." TEX.R. DISCIPLINARY P. 2.02. That rule also provides that "[a]ll Committee panels must be composed of two-thirds attorneys and one-third public members." *Id.* Similarly, panels that conduct evidentiary hearings "must have a ratio of two attorney members for every public member." *Id.* at 2.17.

A quorum is required to render a decision in an evidentiary hearing. *Id.* at 2.07. Before section 81.072(j) was enacted, a quorum could be created with a numeric

---

**3.** The Chief Disciplinary Counsel is an attorney selected by the Commission for Lawyer Discipline and is supported by "deputies and assistants" who comprise the Office of the Chief Disciplinary Counsel. TEX.R. DISCIPLINARY P. 5.01.

majority of the panel members, without regard to its composition. Following the enactment of 81.072(j), this Court enacted Rule 2.07, which provides: "[a] quorum must include at least one public member for every two attorney members present and consists of a majority of the membership of the panel." TEX.R. DISCIPLINARY P. 2.07.

Rule 2.07's quorum provision is at issue in this case. The evidentiary panel responsible for Allison's case was composed of four attorney members and two public members, but the group that heard her case consisted of three attorneys and one public member, a ratio Allison complains is improper. She argues that the "at least one public member for every two attorney members" language requires no fewer than two public members if there are four attorney members. She notes that the other rules require a two-to-one ratio of attorneys to public members, and therefore, in order to satisfy the "at least one public member" requirement in a group of four, the quorum must have two public members.

The Commission responds that "one public member for every two attorney members" means that for every two lawyer members present, one or more public members must be present. Accordingly, when four lawyers are present, a quorum would require no fewer than two public members. When the lawyers comprise an odd lot (three in this case), no additional public member is required because there is only one "group" of two lawyers.

Both parties rely on the Board of Disciplinary Appeals' decision in *Cafiero v. Commission for Lawyer Discipline, Bd. of Disciplinary Appeals* Case No. 37811 (Mar. 23, 2007). In *Cafiero,* the disciplinary proceeding was initially presided over by the full panel of four attorneys and two public members. *Id.* at 7. At some point, though, one of the public members left the

proceeding. *Id.* at 8. The hearing continued with the four attorney members and one public member. *Id.* At the conclusion of the evidence, the remaining panel members deliberated; however, only three of the attorney members voted, apparently in an attempt to comply with the quorum requirements. *Id.* The panel found that Cafiero had violated multiple disciplinary rules, and he appealed to the Board of Disciplinary Appeals, alleging, among other things, an improper quorum. *Id.* at 8, 10.

The Board of Disciplinary Appeals held that the panel of four attorney members and one public member violated Rule 2.07's quorum requirement. *Id.* at 12. The Board also noted that the panel's proceeding with four attorney members and one public member was improper, even if one of the attorney members did not vote:

> Although there were enough members present to constitute a quorum numerically, the remaining members violated the statutory requirement by proceeding without at least one public member being present for every two attorneys. Having one member abstain from voting after all four lawyers had heard the balance of the evidence—and possibly participated in the misconduct deliberations—could not cure the defect.

*Id.*

Allison argues that *Cafiero* means that a ratio of at least one-third public members to two-thirds attorney members is required in order to harmonize the language in Rule 2.07 with that found in Rules 2.02 and 2.17 and Texas Government Code section 81.072(j). The Commission responds that *Cafiero* is not inconsistent with the Board's decision in the present case because a four attorney member to one public member ratio clearly violates the one public member for every group of two attorney members ratio applied in the case below. We agree with the Commission.

Rule 2.07's wording differs from that in Rules 2.02 and 2.17. Rule 2.02, which governs the composition of committees and panels as a whole, explicitly states that a two-thirds attorney members to one-third public members ratio is required: "Each Committee must consist of no fewer than nine members, *two-thirds of whom must be attorneys . . ., and one-third of whom must be public members.* All Committee panels *must be composed of two-thirds attorneys and one-third public members.*" TEX.R. DISCIPLINARY P. 2.02 (emphasis added). Rule 2.17, though worded slightly differently than 2.02, restates this requirement for evidentiary panels: "Each Evidentiary Panel must have a ratio of two attorney members for every public member. . . ." Id. at 2.17 (emphasis added). The mandatory "must have" means that there is no flexibility built into the requirement; for every public member, there must be two attorneys.

In stating the quorum composition requirement, though, the Legislature said: "A quorum of a panel of a district grievance committee of the state bar must include one public member for each two attorney members." TEX. GOV'T CODE § 81.072(j). And while there is a slight variation in the corresponding rule, we agree with the Board that the result is the same. Rule 2.07 states "A quorum must include at least one public member for every two attorney members present. . . ." TEX.R. DISCIPLINARY P. 2.07. Though Allison argues that reading these provisions to require only one public member for every "group of two" attorneys is inconsistent with the other rules, we agree with the Board of Disciplinary Appeals that the language of the statute and the rule compels this result. Allison concedes that a literal application of her argument would require a minimum (and impossible) 1. 5 public members to counter the three lawyers. If an exact one-third to two-thirds ratio of public members to attorneys were required, a quorum could be achieved only if the panel were evenly divisible by three. Allison's proposed solution to this mathematical conundrum—to increase the ratio of public members to attorney members, either by including two public members if there are three attorney members, or by removing one of the attorney members for a one-to-one public member to attorney ratio—finds no support in the rule. We hold instead that the factor-of-two rule applies only when there is an even number of attorneys. Thus, if there are four attorney members (two sets of two) a quorum would require two public members. If there were six lawyers, three public members would be required. But for five lawyers, two public members is adequate. For eight, four, but for seven, three. Or, as in this case, when three attorney members are present, only one public member is necessary. Accordingly, we hold that the panel of three attorney members and one public member in Allison's hearing satisfied Rule 2.07's quorum requirement. We therefore affirm the Board of Disciplinary Appeals' judgment. TEX.R.APP. P. 60.2(a).